Calvin C. GREEN, et al., Plaintiffs,

v.

David WILLIAMS, et al., Defendants.

No. CIV-4-78-34.

United States District Court,
E. D. Tennessee,
Winchester Division.

June 10, 1981.

Avon N. Williams, Jr. and Richard H. Dinkins, Nashville, Tenn., for plaintiffs.

Rondal T. Wilson, Fred B. Hunt, Jr., George C. Eblen, John C. Shofner and Jack M. Irion, Shelbyville, Tenn., for defendants.

## RULING ON OBJECTION TO USE OF DEPOSITION

NEESE, District Judge.

The plaintiffs offered portions of the available portions of the deposition of the defendant Mr. David Williams, taken on their notice for any use permitted by the Federal Rules of Civil Procedure or Evidence. Mr. Williams and his codefendants deputies sheriff objected to the use thereof on the ground that only a portion of the entire transcript of the deposition was available to them, precluding their requiring the plaintiffs to introduce other parts thereof " * * * which ought in fairness to be considered with the part[s] introduced * * * " and " * * * other parts * * * " thereof. Rule 32(a)(4), Federal Rules of Civil Procedure.

It is only when " * * * requested by one of the parties * * * " that deposition-testimony upon oral examination is transcribed. Rule 30(c), Federal Rules of Civil Procedure. This is because of the " * * * many depositions taken from which nothing useful is discovered * * * ." Notes of Advisory Committee on 1970 amendments to Rule 30. Any party or the deponent can obtain a copy of the deposition upon " * * * payment of reasonable charges therefor * . * ." Rule 30(f)(2), Federal Rules of Civil Procedure.

" * * * [I]t is certainly the general, if not the universal practice for the party taking the deposition to pay for having it transcribed and filed. [Footnote reference omitted]. * * * " 8 Wright & Miller, Federal Practice and Procedure 430: Civil § 2117. "The amended rule [30(f)(2)] could well be read as suggesting that ordinarily the party who requests transcription shall pay for it, but it does not say so, and it is unlikely that an ambiguous change in the rule will change the almost universal practice of lawyers. * * * " Ibid., at 434, n. 90. That issue is not before this Court at this time.

▮ Because of the aforementioned practice, it must be expected that, if a party noticing a deposition has no intention of having all of it transcribed and filed as is customary, ample notice of that fact should be given all his, her, or its adversaries and pretrial arrangements agreed-upon for the proper allocation of the payment of the reasonable charges for the portions the respective parties desire transcribed and filed, taking into account that a copy of a transcription is less costly than its original. Cf. 1 Field, McKusick & Wroth, Maine Civil Practice (1961), 74 Harv.L.Rev. 940, 943 n. 268. The defendants were not justified in this instance in failing to arrange for the portions of the deposition of the witness Mr. Williams they wished to introduce which were not being introduced by the plaintiffs, and their objection to the plaintiffs' use of portions thereof was overruled.

However, as any party may use the deposition, *McVay v. Cincinnati Union Terminal Company*, C.A. 6th (1969), 416 F.2d 853, 856[2], and because of possibilities that the statements of the witness therein might be misinterpreted by the plaintiffs' selective use of portions thereof out of context or without qualifying language elsewhere therein, *Westinghouse Electric Corporation v. Wray Equipment Corporation*, C.A. 1st (1961), 286 F.2d 491, 494[3] (per Haritgan, J.), certiorari denied (1961), 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388, the Court permitted Mr. Williams to be interrogated immediately after the introduction of portions of his deposition by his counsel as to testimony which it was deemed " * * * ought in fairness to be considered with the part introduced * * * ," Rule 32(a)(4), *supra*, by the plaintiffs.